UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12-cv-78-RJC

| | | |
|---|---|---|
| JANIE DARLENE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12), and Defendant's Motion for Summary Judgment, (Doc. No. 15), and Memorandum in Support, (Doc. No. 16).

**I.  BACKGROUND**

    A.  <u>Procedural Background</u>

Plaintiff Janie Darlene Gibson (Plaintiff) seeks judicial review of Defendant's denial of her social security claim. (Doc. No. 1). On or about May 11, 2009, Plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 405, <u>et seq.</u> (2012), alleging an inability to work due to disabling conditions beginning on January 2, 2008. (<u>Id.</u> at 1). The Commissioner denied Plaintiff's application on July 8, 2009, (Doc. No. 7-3: ALJ at 1), and subsequently, Plaintiff filed a timely written request for a hearing

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

on December 3, 2009.  (Id.).

On December 9, 2010, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge (ALJ).  (Id. at 16).  The ALJ issued a decision on February 11, 2011, denying Plaintiff's claim on the finding that she was not disabled under section 1614(a)(3)(A) of the Act.  (Id. at 26).  Plaintiff filed a request for review of the ALJ's decision but this request was denied by the Appeals Council on August 10, 2012.  (Doc. No. 1 at 1).  Therefore, ALJ's February 11, 2011 decision became the final decision of the Commissioner on August 10, 2012.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed on October 10, 2012.  (Id.).  Plaintiff's Motion for Summary Judgment, (Doc. No. 11), was filed March 13, 2013, and Defendant's Motion for Summary Judgment, (Doc. No. 15), was filed June 12, 2013.  On June 14, 2013, the case was reassigned to this Court.  The pending motions are ripe for disposition.

      B.      Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 8, 2008 when Plaintiff's health conditions commenced and the date of the ALJ's decision on February 11, 2011.[2]  (Doc. No. 7-3: ALJ at 16).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a

---

[2] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

disability at any time from January 8, 2008 through the date of his decision, February 11, 2011. (Doc. No. 7-3: ALJ at 26).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled.[3] (Doc. No. 18-3 at 34-35).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since May 11, 2009, the date of her application. (Doc. No. 7-3: ALJ at 18). At the second step, the ALJ found that Plaintiff's degenerative disc disease and chronic obstructive

---

[3] Because the ALJ found that Plaintiff was not disabled at step four, there was no need for him to proceed to a step five analysis of whether Plaintiff could perform other work. 20 C.F.R. 404.1520(a)(4).

pulmonary disease (COPD) were severe impairments. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (the Listings). (Id. at 19-20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform modified medium work.[4] (Id. at 20-25). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. . . ." (Id. at 20). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.). Finally, the ALJ found that Plaintiff could perform her past relevant work as a babysitter as well as caretaker or kitchen helper – jobs that existed in significant numbers in the national economy. (Id. at 25-26). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 8, 2008 and the date of his decision on February 11, 2011. (Id. at 26).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de

---

[4]Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). A person capable of medium work is also deemed to be capable sedentary and light work. Id.

novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979).  As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive.  42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").  "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence.  Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345.  Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.   DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claim on two grounds: (1) the ALJ failed to evaluate Plaintiff's mental impairments properly, and (2), the ALJ erred in finding that Plaintiff could perform past relevant work and other work. (Doc. No. 12 at 16-20; 22-23).  Finally, Plaintiff contends that new and material evidence justifies a remand in this case.  (Id. at 20-22).  The Court reviews each of these arguments.

    A.   The ALJ's Evaluation of Plaintiff's COPD and Mental Impairments

        *1.   COPD Tests*

Plaintiff first objects that the ALJ failed to consider or mention the Pulmonary Function Testing conducted on September 7, 2007 that included FEV1 scores ranging from 1.30 to 1.64. Plaintiff maintains that the ALJ failed to consider the lower scores of 1.30 and 1.32 which "are very close to the Listing § 3.02 – Chronic Pulmonary Insufficiency requirement of 1.25" for someone with Plaintiff's height. (Doc. No. 12 at 17). The ALJ, however, stated that he "reviewed the claimant's COPD under the Adult Listings" and reviewed her scores. The ALJ is required to consider all relevant evidence but need not discuss every piece of evidence. Here, the ALJ highlighted test scores that showed the disparity between Plaintiff's COPD results and those required by the listings. That the ALJ declined to discuss other results that were closer, but still not within the requirements, does not alter the fact that the ALJ's determination here was supported by substantial evidence.

## 2. *Mental Impairments*

The ALJ found Plaintiff's mental impairments to be non-severe as Plaintiff was able to perform work that exists in significant numbers in the national economy. (Doc. No. 7-3: ALJ). Plaintiff contends that the ALJ referred only selectively to the record and failed to conduct an impartial review. (Doc. No. 12 at 16). Specifically, Plaintiff cites to the Fourth Circuit's decision in <u>Hines v. Barnhart</u> to argue that, having established the existence of an objective medical condition, Plaintiff was entitled to rely solely on subjective evidence to prove the existence of continuous or severe pain that prevents her from working a full eight hour day. 453 F.3d 559, 565 (4th Cir. 2006). Additionally, Plaintiff argues that, by failing to have a qualified psychologist or psychiatrist evaluate the record and issue an opinion, the ALJ did not fulfill his duty to develop the record fully. (Doc. No. 12 at 20).

The Court finds the ALJ's decision to be supported by substantial evidence. The ALJ

tested each of the four relevant 'broad functional areas' set forth in the Listing and known as "paragraph B" criteria. (ALJ at 18). Ultimately, the ALJ found that "[b]ecause the claimant's medically determinable mental impairment causes no more than 'mild' limitation in any of the first three functional areas [daily living, social functioning, and concentration/persistence/pace] and 'no' episodes of decompensation which have been of extended duration in the fourth area, it is non-severe (20 CFR 416.920a(d)(1))." (Doc. No. 7-3: ALJ at 19).

This conclusion squares with Plaintiff's medical records of the relevant period. For the period from February 18, 2003 until December 3, 2008, Plaintiff's medical records show that her depression had been successfully managed by taking Klonopin and Wellbutrin, and that the majority of symptoms of anxiety and depression had remitted. (Doc. No. 7-8: Medical Records at 327-334). On July 19, 2005 Plaintiff denied significant anxiety to Dr. Lawrence and reported that "Wellbutrin and Klonopin work extremely well for her." (Id. at 331). On April 11, 2006, Dr. Lawrence recommended reducing Plaintiff's dosage of Wellbutrin as her depression was "in full remission." (Id. at 330). On November 7, 2007, Dr. Lawrence noted that Plaintiff had relapsed into depression after switching medications. (Id. at 335). On July 30, 2008, Dr. Lawrence reports that Plaintiff "says that 2mg a day of Klonopin continues to work extremely well for her." (Id. at 328). Additionally, he notes that "[t]he patient's anxiety is well controlled." (Id.).

Plaintiff contends that the ALJ erred by failing to ascribe significance to Plaintiff's subjective account of the effect that her mental impairments have on her ability to work. Specifically, Plaintiff argues that the Fourth Circuit's decision in <u>Hines</u> supports the proposition that Plaintiff's subjective account of her mental impairment is sufficient to establish the severity of her condition. This Court disagrees. The court in <u>Hines</u> did not mandate that courts consider

objective and subjective evidence of pain in isolation from one another. "Objective medical evidence of pain, its intensity and degree . . ., if available, should be obtained and considered." Hines, 453 F.3d at 564. Additionally, "[i]f an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." Id. (quoting Social Security Ruling (SSR) 96-7).

Here, Plaintiff's subjective complaints conflict with the objective account presented in her medical records which show a successful history of managing the symptoms over a sustained period of time. This evidence speaks directly and conclusively to the severity of Plaintiff's mental impairments. Finally, the evidence is sufficiently conclusive on this point that the ALJ was not required to order a consultative examination. Such examinations are required "when the evidence as a whole is insufficient to support a decision." Bishop v. Barnhart, 78 F. App'x. 265, 268 (4th Cir. 2003). The Court finds the decision of the ALJ that Plaintiff's mental impairments were not severe is supported by substantial evidence.

B.    Plaintiff's Ability to Perform Work

Plaintiff objects that the ALJ made several errors in his evaluation of whether Plaintiff can perform past relevant work, namely: the ALJ did not list the DOT code for babysitter; the ALJ failed under SSR 82-62 to question Plaintiff or develop the record fully regarding the mental and physical demands of Plaintiff's past relevant work; the ALJ did not provide detailed documentation regarding past work demands or Plaintiff's strength and endurance; the ALJ failed to list specific jobs as required by SSR 82-41 or a function-by-function assessment as required by SSR 96-8p; and, the ALJ failed to make findings as to Plaintiff's ability to lift, stand or walk before making the RFC findings. For these reasons, Plaintiff argues that the ALJs

finding that Plaintiff can do other work is not supported.

The Court finds that the ALJ developed the record sufficiently in his determination as to whether Plaintiff could perform past relevant work. The duty to develop the record regarding a claimant's past relevant work obtains once the ALJ is alerted by something in the record that raises the issue. See Santiago v. Secretary of Health and Human Servs., 944 F.2d 1, 6 (1st Cir. 1991). Unless so alerted, the ALJ bears no burden under SSR 82-62. Additionally, relying on the testimony of the vocational expert, the ALJ found that Plaintiff identified several jobs that exist in significant numbers in the national economy, specifically, caretaker and kitchen helper/food preparation as well as babysitter. (Doc. No. 7-3 at 26.) The ALJ listed DOT numbers for these jobs (Id.).

The ALJ relied, among others, on the reports of the Physical RFC Assessment provided by Dr. Clayton, (Doc. No. 7-9 at 430-37), the Consultative Examination Report of Dr. Wood, (Id. at 452-56), the Psychological Review conducted by Dr. Skoll, (Id. at 457-70), and the Physical RFC Assessment provided by Dr. Horne (Id. at 471-78). The examinations by Dr. Wood and Dr. Horne contained function by function assessments. When an ALJ bases an RFC on a report containing a function by function analysis, he satisfies SSR 96-8p. See Onishea v. Barnhart, 116 F. App'x 1, 2 (5th Cir. 2004). Accordingly, the Court finds the ALJ's determination regarding Plaintiff's ability to perform prior work to be supported by substantial evidence.

C.  New and Material Evidence

Plaintiff submitted new evidence that was not considered by the ALJ. Specifically, Plaintiff submitted evidence of: a consultative psychological examination performed by Dr. Miller on August 22, 2011; a consultative examination performed by Dr. Stephen Burgess on

September 14, 2011; a pulmonary function testing performed by Dr. Mark Lawrence on March 30, 2011; and, a mental health crisis evaluation completed by Appalachian Community Services (ACS) on August 23, 2010. (Doc. No.7-11). Plaintiff contends that such evidence justifies a remand in this case.

Pursuant to sentence six of 42 U.S.C. § 405(g), a reviewing court may order the agency to review additional evidence related to a denied claim "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. 405(g). Courts have recognized several conditions which must be established before a remand is warranted: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative; (2) it must be material to the extent that the Secretary's decision "might reasonably have been different" had such evidence been presented; (3) there must be good cause for the claimant's failure to submit the new evidence to the Secretary; and, (4) the claimant must present to the remanding court a general showing of the new evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (quoting Califano, 599 F.2d at 599).[5]

The Court finds that Plaintiff has failed to carry her burden of establishing that the new evidence relates to the time the application was filed. The findings of the psychological examination provided by Dr. Lawrence on August 22, 2011 vary substantially from those conducted by him during the relevant filing period. Dr. Lawrence's evaluations during the relevant period, discussed supra, demonstrate successful treatment for depression and anxiety.

---

5 There is a disagreement among relevant cases whether 42 U.S.C. § 405(g) or the framework of Borders provides the proper test in this circuit for consideration of remand based upon new evidence. Here, the Court employs the framework outlined in Borders as it has not been expressly overruled and provides more detailed guidance to the Court about how to evaluate new evidence.

The evidence submitted here suggests that Plaintiff's condition had declined after the relevant period. Likewise, nothing in the examinations conducted by Dr. Burgess, Dr. Lawrence and ACS points specifically to the relevant period to show that the conditions provide new and material insight into Plaintiff's condition during this time period. Rather than qualify or supersede the medical records presented to the ALJ, the new evidence suggests that Plaintiff's then-existing conditions had deteriorated in the period following the ALJ's decision. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990). Accordingly, the Court finds that the evidence is not material to the ALJ's determination and declines to remand the case.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **GRANTED**; and
3. The Clerk of Court is directed to close this case.

Signed: November 21, 2013

Robert J. Conrad, Jr.
United States District Judge